UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO. 1:18 CR 00011** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **Tony O. Carter, Jr.**, ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 51) For the following reasons, defendant's motion is GRANTED IN PART and DENIED IN PART. Defendant's motion is GRANTED only as it relates to his second ground for relief. The remainder of his grounds for relief are DENIED.

1

**FACTS**

Defendant entered into a plea agreement in September 2018, whereby he pled guilty to three counts: (1) conspiracy to possess with intent to distribute heroin, carfentanil, acrylfentanyl, fentanyl, and cocaine; (2) possession with intent to distribute fentanyl and acrylphentanyl; and (3) possession with intent to distribute heroin, carfentanil, and cocaine.  On February 8, 2019, the Court sentenced defendant to 151 months imprisonment and a four year term of supervised release.  Defendant filed a direct appeal of this sentence on February 15, 2019.  His appellate brief was filed on September 26, 2019.  The Sixth Circuit affirmed defendant's sentence on May 26, 2020.

On April 15, 2021, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which is now pending before the Court.  (Doc. 51)

**STANDARD OF REVIEW**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. §2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**DISCUSSION**

Defendant asserts three grounds for relief. The Court will address each in turn.

**A.     Ground One**

In Ground One, defendant argues that his career offender designation was incorrect in light of the Sixth Circuit decision *United States v. Havis,* 927 F.3d 382 (6th Cir. 2019). Defendant asserts that his drug trafficking convictions did not qualify as predicate offenses for purposes of the career offender designation under *Havis*. However, a challenge to a career offender designation pursuant to *Havis* is not a cognizable claim on collateral review. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) ("Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines.") Accordingly, this ground for relief fails.

**B.     Ground Two**

In Ground Two, defendant raises a claim of ineffective assistance of appellate counsel. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. The prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694.

Defendant argues that his appellate attorney was ineffective for failing to raise the argument that his career offender designation was incorrect under *Havis* and its progeny. The government concedes that appellate counsel should have raised this argument on direct appeal. The government further agrees that defendant should be re-sentenced.

Upon review, the Court agrees with the parties. Defendant was sentenced on February 8, 2019. In imposing his sentence, the Court found that defendant was a career offender based upon the following convictions: felonious assault under O.R.C. § 2903.11(A)(1) and § 2903.11(A)(2); trafficking cocaine under O.R.C. § 2925.03(A)(1); and trafficking heroin under O.R.C. § 2925.03(A)(1). Defendant filed a direct appeal of this sentence.

During the pendency of this appeal, the Sixth Circuit issued two decisions clarifying what is considered a controlled substance offense for purposes of a career offender designation.[1] The first decision, *United States v. Havis*, was issued on June 6, 2019. In *Havis*, the Sixth Circuit held that "attempt crimes do not qualify as controlled substance offenses" for career offender designation purposes. 927 F.3d at 387.

The second decision, *United States v. Cavazos*, was issued on February 12, 2020. The *Cavazos* court expounded upon *Havis* and held that offenses that include "offers to sell" are attempt crimes and, therefore, do not qualify as career offender predicates. 950 F.3d 329, 336–37 (6th Cir. 2020). While *Cavazos* involved the evaluation of a Texas law, the statutory

---

[1] Under USSG § 4B1.1(a), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

language of O.R.C. § 2925.03(A)(1) is nearly identical to the Texas provision at issue.[2] Defendant's counsel should have recognized that under *Cavasos*, a violation of O.R.C. § 2925.03(A)(1) would not qualify as a predicate offense.[3] Given that the Sixth Circuit issued a decision in defendant's case three months after *Cavazos*, counsel should have requested to supplement the appellate brief during the pendency of the appeal. Accordingly, the Court finds that defendant has established the deficient performance prong of his *Strickland* claim.

The Court also finds that defendant has established prejudice. Since the *Cavazos* decision, the Sixth Circuit has explicitly found that trafficking convictions under O.R.C. § 2925.03(A)(1) do not qualify as controlled substance offenses for purposes of calculating a career offender designation. *United States v. Palos*, 978 F.3d 373, 374-375 (6th Cir. Oct. 15, 2020) ("Palos's 2010 conviction for trafficking in cocaine does not qualify as a controlled substance offense in light of" *Cavazos*); *United States v. Alston*, 976 F.3d 727 (6th Cir. Sept. 28, 2020) ("Alston's convictions under § 2925.03(A)(1) do not qualify for the career offender enhancement.")

The *Cavasos* decision was issued during the pendency of the direct appeals in both *Palos* and *Alston*. In both cases, the government conceded that under *Cavasos,* convictions under § 2925.03(A)(1) no longer qualify as predicate offenses. The government asserts that "had

---

[2]  O.R.C. § 2925.03(A)(1) prohibits knowingly "sell[ing] or offer[ing] to sell a controlled substance."

[3]  The Court notes that at the time of sentencing, convictions under§ 2925.03(A)(1) were considered controlled substance offenses for purposes of applying a career offender enhancement. *See United States v. Allen*, 711 Fed App'x 781, 784 (6th Cir. 2017) ("convictions under Ohio Revised Code § 2925.03(A)(1) categorically qualify as controlled substance offenses . . .")

5

appellate counsel sought to supplement Carter's then-pending appeal brief to add this challenge to his career offender designation," it would have "conceded error as it did" in *Palos* and *Alston*. Accordingly, defendant has shown that there is a reasonable probability that he would have succeeded on such a claim had his counsel raised it on direct appeal.

For these reasons, Ground Two provides defendant with a basis for habeas relief.

### C. Ground Three

In Ground Three, defendant argues that the government breached its plea agreement by recommending a higher base offense level than was agreed to in the plea agreement. However, the Sixth Circuit already considered and rejected this very argument on direct appeal. *United States v. Carter*, 814 Fed.Appx. 1000, 1006-1009 (6th Cir. 2020). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Defendant has not identified any "highly exceptional circumstances" which would permit the Court to consider this argument. Accordingly, this ground for relief fails.

### **CONCLUSION**

For the foregoing reasons, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is GRANTED IN PART and DENIED IN PART. Defendant's Motion is GRANTED only as his second ground for relief. Accordingly, defendant is entitled to a re-sentencing. The Court will hold a re-sentencing hearing to be set by separate order.

Defendant's Motion as to his first and third grounds for relief is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that there is no basis upon which to issue a certificate of appealability as to these grounds. For the reasons stated above, an appeal from

the decision as to these grounds could not be taken in good faith. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 8/31/21